UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN STANLEY<br>530 Creekside Lane<br>Mount Joy, PA 17552<br><br>  Plaintiff,<br><br>v.<br><br>KADIMA HEALTHCARE GROUP, INC.<br>341 North Railroad St.<br>Palmyra, PA 17078<br><br>  Defendant. | JURY DEMANDED<br><br><br>No. |

CIVIL ACTION COMPLAINT

And now Plaintiff, KAREN STANLEY, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 et seq.; and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

PARTIES

A. The Plaintiff

1. Plaintiff, Karen Stanley ("Stanley") is an adult individual residing in Lancaster County at 530 Creekside Lane, Mount Joy, PA 17552

B. The Defendant

1

2. Defendant, Kadima Healthcare Group, ("Kadima") is a Pennsylvania corporation that owns and operates Kadima Rehabilitation and Nursing at Palmyra, located at 341 North Railroad St., Palmyra, PA 17078.

3. Kadima was Stanley's employer from January 1, 2019 until her unlawful termination on May 18, 2020.

4. At all times material hereto, Kadima qualifies as an employer pursuant to the ADA, PHRA, and FMLA.

## JURISDICTION AND VENUE

5. This Complaint alleges discrimination on the basis of Stanley's disability status, and retaliation, in violation of the Americans with Disability Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"); interference and retaliation with Stanley's rights in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"); and pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("PHRA").

6. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8. Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Stanley's claims arising under the Pennsylvania Human Rights Act ("PHRA").

9. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

ADMINISTRATIVE PROCEEDINGS

10. On or about July 6, 2020, Stanley filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-04664, alleging discrimination, retaliation and wrongful discharge from her employment with Kadima, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

11. Stanley has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated July 24, 2020 (attached hereto as Exhibit "A")..

12. Stanley has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

OPERATIVE FACTS

13. Stanley suffers and, at all times relevant to this matter, suffered from depression and anxiety.

14. Stanley's depression and anxiety substantially interfere with Stanley's daily life activities and constitute serious health conditions.

15. Kadima hired Stanley on January 1, 2019 as a Charge Nurse to work at its nursing home location at 341 North Railroad Street, Palmyra, PA 17078.

16. Notwithstanding the fact that Stanley has depression and anxiety, Stanley provided exemplary service as an employee of Kadima and was able to perform the essential duties of her job.

17. On or about January 22, 2020 Stanley applied for intermittent FMLA leave. Stanley provided Kadima with a Certification from her primary care provider, Dr. Eldra Daniels. The

Certification advised Kadima that Stanley suffered from periodic flair-ups of anxiety and depression, and that during these flair-ups Stanley was unable to participate in normal, daily activities. Dr. Daniels requested that Kadima provide Stanley with up to one to two days of intermittent medical leave per week so that Stanley could seek treatment in the event a flair-up occurred.

18. Stanley was eligible for intermittent FMLA at the time of her application.

19. Kadima was required to notify Stanley as to her eligibility for FMLA leave within five business days of her request. 29 C.F.R. § 825.300(b)(1). Kadima failed to provide with notice as to her eligibility for FMLA leave within five business days.

20. Shortly after Stanley requested FMLA leave, Director of Nursing Deborah Shutter, started to taunt Stanley and tell her that she would not be approved for FMLA leave. Ms. Shutter dramatically cut Stanley's hours and assigned her to perform menial office work that did not fit Stanley's job description.

21. As Stanley waited for Kadima to grant or deny her request for intermittent FMLA leave, Stanley experienced period disability flair-ups. Due to these flair-ups, Stanley missed work on January 30, January 31, February 24, and February 28, 2020. Stanley provided Kadima with notes from Dr. Daniels that explained that Stanley missed work on these days due to her serious health conditions / disabilities.

22. As of April 2020, Kadima had not provided Stanley with an answer as to her FMLA request. On April 15, 2020 Stanley emailed Office Manager Tina Long and Administrator Joe Steranko. Stanley asked Ms. Long and Ms. Steranko whether Kadima approved or denied her request for intermittent FMLA.

23. On April 21, 2020, Stanley met with Ms. Long and Mr. Steranko. During this meeting, Ms. Long told Stanley that she had been denied intermittent FMLA. When Stanley asked why she was denied intermittent FMLA, Ms. Long could not provide Stanley with an answer. However, Ms. Long promised Ms. Stanley that Kadima would provide her with an explanation in writing.

24. On April 24, 2020 Stanley emailed Ms. Long and made a second request that Kadima provide her with an explanation for its denial of her request for intermittent FMLA leave. Ms. Long never responded to this email.

25. On April 28, 2020 Stanley emailed Ms. Long and made a third request that Kadima provide her with an explanation for its denial of her request for intermittent FMLA leave.

26. On April 29, 2020 Ms. Long emailed Stanley that she never received a written explanation from Kadima's corporate office as to the reason for the FMLA denial.

27. On May 4, 2020 Stanley emailed Mr. Steranko. In this email, Stanley explained that she was planning to visit Dr. Daniels. Stanley wanted to provide Dr. Daniels with the reason for Kadima's decision to deny her intermittent FMLA so that he could make the necessary corrections. Ms. Steranko never responded to this email.

28. On May 8, 2020 Stanley emailed Mr. Steranko and again requested an explanation for Kadima's denial of her request for intermittent FMLA. This time, Mr. Steranko responded. He stated, "Our corporate offices have declined to write any letter regarding this instance however they have told me to pass on that the reason for the FMLA decline is that you have 'not provided a way for us to verify and monitor that her call offs are due to the FMLA request'. I hope this helps. Thank you." [sic].

5

29. On May 19, 2020 Stanley experienced another "flair up" of her serious medical conditions / disabilities that required her to leave work early.

30. Immediately after leaving work Stanley visited Dr. Daniels. Dr. Daniels adjusted Stanley's medication and advised that she take medical leave for May 20 and May 21, 2020.

31. On May 19, 2020 Stanley sent Ms. Long a note from Dr. Daniels that explained that Stanley had visited him due to a flair-up of her serious medical conditions / disabilities. Dr. Daniels explained that he had adjusted Stanley's medication and requested that Kadima excuse Stanley's absence from May 19 through May 21, 2020.

32. On May 20, 2020 Kadima terminated Stanley for "excessive absenteeism."

33. As a direct and proximate result of Kadima's conduct in terminating Stanley, Stanley sustained great economic loss, future lost earning capacity, lost opportunity, lost wages and benefits, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## CAUSES OF ACTION

### COUNT I – AMERICANS WITH DISABILITIES ACT
(42 U.S.C.A. § 12101 *et seq*)

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*,, an employer may not discriminate against an employee based on a disability.

36. Stanley is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

37. Kadima is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

38.     At all times material hereto, Stanley had a qualified disability, as described above.

39.     Kadima's conduct in terminating Stanley is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

40.     As stated above, Kadima failed to engage in a meaningful back and forth discussion of an accommodation for Stanley's disability and failed to reasonably accommodate her disability.

41.     As a proximate result of Kadima conduct, Stanley sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

42.     As a result of the conduct of Kadima's owners/management, Stanley hereby demands punitive damages.

43.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Stanley demands attorneys fees and court costs.

### COUNT II– VIOLATION OF FMLA—INTERFERENCE
### (29 U.S.C. §2601 *et seq*.)

44.     Stanley incorporates paragraphs 1-43 as if fully set forth at length herein.

45.     As set forth above, Stanley was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, *et seq*.

46.     As described above, Kadima interfered with, restrained and denied Stanley's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

47. As a proximate result of Kadima's conduct, Stanley sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Stanley has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

48. As a result of the conduct of Kadima's owners/management, Stanley hereby demands punitive and/or liquidated damages.

49. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Stanley demands attorneys fees and court costs.

### COUNT III – VIOLATION OF FMLA—RETALIATION
(29 U.S.C. §2601 *et seq*.)

50. Stanley incorporates paragraphs 1-49 as if fully set forth at length herein.

51. As set forth above, Stanley was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

52. Instead of permitting Stanley to utilize intermittent FMLA leave, Kadima terminated Stanley's employment, an adverse action.

53. Kadima's motivation in terminating Stanley's employment was based, in part, upon her utilizing FMLA leave.

54. As a proximate result of Kadima's conduct, Stanley sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Stanley has

also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Kadima's owners/management, Stanley hereby demands punitive and/or liquidated damages.

56. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Stanley demands attorneys fees and court costs.

COUNT IV – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
(43 P.S. § 955)

57. Stanley incorporates paragraphs 1-56 as if fully set forth at length herein.

58. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

59. Stanley is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*,.

60. Kadima is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*,.

61. At all times material hereto, Stanley had a qualified disability, as described above. Stanley's disability profoundly interfered with her day to day life activities.

62. Kadima's conduct in terminating Stanley is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

63. Kadima failed to accommodate Stanley's disability.

64. As a proximate result of Kadima's conduct, Stanley sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Stanley has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

65. As a result of the conduct of Kadima's owners/management, Stanley hereby demands punitive damages.

66. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff Karen Stanley demands judgment in her favor and against Defendant, Kadima, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

        **LAW OFFICES OF ERIC A. SHORE, P.C.**

        BY: /s/ Brian M. Doyle (Pa. ID. 319475)
        **BRIAN M. DOYLE, ESQUIRE**
        1500 JFK Boulevard, Suite 1240
        Philadelphia, PA 19102
        Attorney for Plaintiff, Karen Stanley

Date: July 27, 2020

## **VERIFICATION**

      I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.

Jul 25, 2020

Date

*Karen Stanley (Jul 25, 2020 07:26 EDT)*

Karen Stanley